# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 6993 | **DATE** | 11/18/2011 |
| **CASE TITLE** | Terrell Cobbs (R-24492) v. City of Chicago, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to file his complaint *in forma pauperis* [3] is granted. The trust fund officer at Plaintiff's place of incarceration is authorized to deduct $20.20 as an initial partial filing fee and to make further deductions from Plaintiff's account in accordance with this order. The complaint is dismissed for failure to state a valid federal claim. To the extent Plaintiff seeks to bring a claim under state law, the court dismisses that claim for lack of jurisdiction, and the claim must be brought in state court. The case in this court is terminated, and all pending motions not herein addressed are denied. This dismissal counts as one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

Plaintiff Terrell Cobbs, Lawrence Correctional Center inmate R-24492, has filed this civil rights complaint against Chicago Police Officers R. Dominguez, R. Rodriguez, and the City of Chicago. Plaintiff alleges that, on November 24, 2009, Dominguez and Rodriguez were called to Plaintiff's house because Gregory Hampton had threatened to kill Plaintiff and had kicked in Plaintiff's front door. Plaintiff's girlfriend told the officers that Hampton was still in the area, and she asked them to secure the scene so that she, her children, and Plaintiff could be safe. The officers, however, left the scene without pursuing Hampton or otherwise securing the area. When Hampton returned some time later, Plaintiff shot and killed him.

The court finds that Plaintiff is unable to prepay the filing fee, and grants his motion to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(b)(1), the court assesses an initial partial filing fee of $20.20. The court authorizes the trust fund officer at Plaintiff's place of confinement to collect, when funds exist, the partial filing fee from Plaintiff's account and pay it directly to the clerk of this court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's account shall be forwarded to the clerk of court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, 20th floor, and shall clearly identify Plaintiff's name and the case number of this action. Plaintiff shall remain responsible for the filing fee, and Lawrence trust account officers shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred to another facility.
**(CONTINUED)**

isk

**STATEMENT**

Although Plaintiff may proceed *in forma pauperis*, his complaint does not state a federal claim. Assuming Plaintiff's allegations are true, and that officers failed to pursue and detain Hampton or otherwise secure the scene, after he kicked in Plaintiff's door and threatened him, the officers' inactions do not give rise to a constitutional claim. The Supreme Court has held in *DeShaney v. Winnebago County Department of Social Services*, 489 U.S. 189, 195-96 (1989), that the Due Process Clause of the Fourteenth Amendment generally does not impose upon the state or its officers a duty to protect individuals from harm by private actors. The officers can be held constitutionally liable only if they created the danger. *Windle v. City of Marion, Ind.*, 321 F.3d 658, 661 (7th Cir. 2003), citing *Monfils v. Taylor*, 165 F.3d 511, 516 (7th Cir. 1998). It is clear from the complaint that the state-created exception does not apply to this case. *Hernandez v. City of Goshen, Indiana*, 324 F.3d 535, 538 (7th Cir. 2003) (police officers' failure to investigate a threat of violence does not give rise to a constitutional due process claim); *Windle*, 321 F.3d at 661 (police officers' failure to protect after learning of a potential sexual assault did not amount to a due process violation).

To the extent that Plaintiff's allegations give rise to a claim under state law, this court lacks jurisdiction to address the claim, and Plaintiff must bring the claim in state court.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. The dismissal of this case counts as a strike under 28 U.S.C. § 1915(g) (a dismissal based on failure to state a claim counts as one the three allotted dismissals allowed for inmate litigants). Plaintiff is warned that if a prisoner accumulates three strikes (if he has had a three federal cases or appeals dismissed as frivolous, malicious, or for failure to state a claim), he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Evans v. Illinois Dept. of Corrections*, 150 F.3d 810, 812 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, Plaintiff may also accumulate another "strike" under 28 U.S.C. § 1915(g).